# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BARBARA DEJONGHE,

                Plaintiff,

      v.

OCWEN LOAN SERVICING, LLC,
and OCWEN MORTGAGE
SERVICING, INC.,

                Defendants.

Case No. 17-11488
Hon. Terrence G. Berg

## ORDER GRANTING DEFENDANTS' MOTION FOR STAY (Dkt. 9)

Currently before the Court is Defendants' Motion to Stay Proceedings ("Motion") pending the United States Court of Appeals for the D.C. Circuit's decision in *ACA Int'l v. FCC*, Appeal No. 15-1211 (D.C. Circuit) (filed on Oct. 13, 2015). The Court, having reviewed all papers and arguments submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS**: Defendants' Motion to Stay Proceedings is **GRANTED**. Defendants' motion to dismiss (Dkt. 10) and motion to dismiss the amended complaint (Dkt. 16) are hereby **DENIED WITHOUT PREJUDICE**. These motions may be refiled after the stay is lifted and will be considered by the Court.

## BACKGROUND

On May 9, 2017, Plaintiff filed the instant action, asserting six claims against Defendants: (1) negligent violation of the TCPA, (2) knowing and/or willful violation

of the TCPA, (3) negligence, (4) negligence per se – TCPA, (5) negligent violations of Article Nine of the Michigan Occupational Code on Debt Collection, and (6) willful violation of Article Nine of the Michigan Occupational Code on Debt Collection. The crux of each of Plaintiff's claims is the allegation that between December 4, 2011 and October 19, 2015 Plaintiff received numerous telephone calls from Defendants on her cellular telephone number and that Defendants placed the calls allegedly using an automatic telephone dialing system "ATDS." (*See* Compl. ¶ 24.). Defendants contend that the decision of the United States Court of Appeals for the District of Columbia Circuit in *ACA Int'l* is likely to be reached in the near future, and may impact the course of this litigation. This point is well-taken.

## DISCUSSION

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A court may "find it . . . efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The rule applies to judicial proceedings and does not require the issues of such proceedings be necessarily controlling of the action

The D.C. Circuit's decision in *ACA Int'l* is significant because it will address the meaning of the term "autodialer" under the TCPA. How this definition is understood may well be dispositive of the case before the Court and, at a minimum,

the D.C. Circuit's interpretation of the TCPA will provide persuasive authority material to this Court's decision. Under such circumstances, a stay is appropriate. *See Jones v. Credit Acceptance Corp.*, 2016 WL 7320919 (E.D. Mich. Oct. 31, 2016) (granting stay pending *ACA Int'l* decision); *see also Ricketts v. Consumers Energy Co.,* 2017 WL 2351731, at *1 (E.D. Mich. May 31, 2017) (same). A stay pending the D.C. Circuit's decision will also serve to conserve the resources of the parties and the Court while avoiding the wasted effort that may be involved in proceeding under an uncertain legal framework. Plaintiff has not articulated any concrete prejudice she might suffer if these proceedings were stayed at this stage.[1] Moreover, given that the D.C. Circuit heard oral argument in October 2016, the Court anticipates that a stay would be relatively brief, ameliorating any prejudice to Plaintiff. *See Jones*, 2016 WL 7320919 at *3 ("In light of the uncertainty surrounding the proper interpretation of the TCPA and the lack of demonstrated prejudice to [the plaintiff], the interest of judicial economy warrants a stay.").

For these reasons, **IT IS HEREBY ORDERED** that Defendants' motion to stay proceedings is **GRANTED**. The parties shall inform the court immediately of the D.C. Circuit's ruling in *ACA Int'l v. FCC.*

---

[1] The primary argument of prejudice that Plaintiff advances relates to the potential spoliation of evidence. In particular, Plaintiff argues that she "may" have difficulty obtaining records from third party cell phone carriers. However, it is unlikely that a short stay would prevent Plaintiff from obtaining any additional records from her own cell phone carrier, regarding calls to her own phone number. Likewise, Plaintiff's argument that she may be unable to obtain Defendants' call records and or the records of any third party vendor (which Plaintiff fails to identify) should a stay be granted is also not well-taken. Defendants are under a continuing obligation to preserve all records concerning their calls to Plaintiff during the pendency of this stay. Any destruction of relevant records by Defendants would be subject to sanctions and would also arguably allow an adverse inference that the records contained evidence helpful to the Plaintiff.

**SO ORDERED**.

                                  s/Terrence G. Berg
                                  TERRENCE G. BERG
                                  UNITED STATES DISTRICT JUDGE

Dated:  December 21, 2017

### Certificate of Service

      I hereby certify that this Order was electronically submitted on December 21, 2017, using the CM/ECF system, which will send notification to each party.

                                  s/H. Monda
                                  Case Manager
                                  in the absence of A. Chubb